**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOUGLAS O. COOK,

      Plaintiff,

v.                                                         Case No. 3:18-cv-177-J-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

## O R D E R

This cause is before the Court on the Petition for Attorney Fees Under § 206(b)(1) (Doc. No. 21; "Motion"), filed April 29, 2020. On May 12, 2020, Defendant filed a Response to Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 22; "Response") indicating that he cannot consent to the payment of the requested fee because he does not represent Plaintiff, but that he "does not oppose an award of a fee for representation in district court that the Court finds reasonable, up to the full amount requested by Plaintiff's attorney . . . ." Response at 1-2.

In the Motion, Plaintiff's counsel seeks an award of $41,287.25 pursuant to 42 U.S.C. § 406(b). Motion at 4. This amount equals twenty-five percent of Plaintiff's past-due benefits. Id. at 1. Counsel represents that the Social Security Administration withheld twenty-five percent of Plaintiff's past-due benefits amount for payment of attorney's fees. Id.; see also Notice of Award (Doc. No. 21-1) at 4.

Section 406(b)(1)(A) states in pertinent part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

> representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 522.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citation omitted). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. (citation omitted). Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The negotiated contingency fee is not reasonable if "the agreement calls for fees greater than the twenty-five

percent . . . statutory limit, the agreement involved fraud or 'overreaching' in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee 'so large as to be windfall to the attorney.'" Coppett, 242 F. Supp. 2d at 1383 (quoting Wells, 907 F.2d at 372); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. Coppett, 242 F. Supp. 2d at 1383; see also Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both Equal Access to Justice ("EAJA") fees from the United States and an award under 42 § U.S.C. 406(b) "must refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (alteration in original) (citation omitted).

Here, counsel states he represented Plaintiff for over six years, Motion at 6, and "reasonably expended 39.0 hours on behalf of Plaintiff," id. at 5. Counsel indicates that his "representation of Plaintiff before this Court was clearly instrumental in [Plaintiff's] ultimate receipt of benefits." Id. at 3. Due in large part to counsel's representation, Plaintiff will now receive past-due benefits that "amount to approximately $165,149.00." Id. Plaintiff will also receive a "lifetime award" of about "$228,735.00, plus the maximum retirement benefit at age 67." Id. at 3. According to counsel, "[t]he total value of this decision to [P]laintiff is therefore more than $393,884.00." Id. Counsel represents that he "was not responsible for any delay in the resolution of this matter . . . ." Id. at 3. Plaintiff and counsel entered into a

fee arrangement providing for a fee of twenty-five percent of past-due benefits. Id. at 4; see also Fee Agreement (Doc. No. 21-2).

Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation, the nature of the issues raised, and the results achieved, the undersigned finds the amount requested is reasonable.

For the foregoing reasons, it is

**ORDERED**:

1. The Petition for Attorney Fees Under § 206(b)(1) (Doc. No. 21) is **GRANTED**.

2. Plaintiff's counsel, Erik W. Berger, is awarded $41,287.25 pursuant to 42 U.S.C. § 406(b), which shall be paid from the past-due benefits awarded to Plaintiff. The Commissioner shall now pay Mr. Berger the sum of $41,287.25 from the past-due benefits withheld. Any remainder of the withheld past-due benefits shall be paid directly to Plaintiff.

3. Upon receipt of the $41,287.25 from the Commissioner, Mr. Berger shall immediately return to Plaintiff the $7,761.00, previously awarded to him pursuant to the Equal Access to Justice Act ("EAJA").[1]

---

[1] Plaintiff's counsel recognizes the prohibition against "double recovery." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-72 (11th Cir. 2010); see Motion at 2.

4. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on May 18, 2020.

                                                JAMES R. KLINDT
                                                United States Magistrate Judge

bhc
Copies to:
Counsel of Record